# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT W. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-01439-RWS |
| ) | |
| ADAM OSHRIN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on initial review of Plaintiff's pro se complaint (ECF No. 1) and his motion for leave to proceed in forma pauperis (ECF No. 2).

Under 28 U.S.C. § 1391(b), venue is proper in: (1) a judicial district in which any defendant resides, provided all defendants are residents of the state in which the district is located; (2) a district where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if no district is otherwise proper, any district in which any defendant is subject to the court's personal jurisdiction. This case satisfies none of these conditions.

Plaintiff alleges that he resides in Syracuse, New York; that all named defendants are located in Rochester, New York; and that all events giving rise to his claims occurred entirely within the State of New York. (ECF No. 1 at 2–4). No parties reside in, and no alleged conduct occurred in, the Eastern District of Missouri.

When venue is improper, a court may either dismiss the case or, if in the interest of justice, transfer it to a proper district. *See* 28 U.S.C. § 1406(a). Here, the Court finds that transfer is not warranted. The complaint, even liberally construed, fails to assert a cognizable legal theory or

allege facts sufficient to support a plausible claim for relief. Under these circumstances, transfer would not serve the interest of justice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for improper venue pursuant to 28 U.S.C. § 1406(a).

**IT IS FURTHER ORDERED** that Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **DENIED as moot**.

A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 1st day of August, 2025.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE